UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

    Petitioner,

v.

PROBABLE CAUSE CONFERENCE
DIRECTOR, et. al.,

    Respondents,
_____/

Case No. 2:22-CV-12377
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Derrick Lee Cardello-Smith, ("Petitioner"), confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a petition to file a second/successive writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted of two counts of third-degree criminal conduct in the Wayne County Circuit Court in 1998. Petitioner was later convicted in the Wayne County Circuit Court in 2008 of six counts of first-degree criminal sexual conduct and two counts of kidnapping. In 2019, petitioner was convicted of for counts of first-degree criminal sexual conduct. [1]

---

[1] See https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267009.

1

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals so that petitioner may obtain permission to file a successive petition for writ of habeas corpus.

## I. Background

It is unclear which convictions petitioner is challenging in his current petition. Petitioner has been denied habeas relief on his 1998 convictions on the merits on August 28, 2007, *Smith v. White*, 2:06-cv-306 (W.D. Mich. Aug. 28, 2007)(Adopting Report and Recommendation of Magistrate Judge), on the 2008 convictions on the merits, *Smith v. Bauman*, 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016) (E.D. Mich. Mar. 9, 2016); *appeal dism.* No. 16-1545 (6th Cir. Jan. 31, 2017), and on the merits on his 2019 convictions. *Smith v. Burt,* No. 1:19-cv-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020); *appeal dism.* No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020).

## II. Discussion

Petitioner already filed prior petitions for a writ of habeas corpus challenging his three judgments of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been

brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Moreover, petitioner's motion to authorize a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x. 168, 169, n. 1 (4th Cir. 2006). This Court should instead forward the motion to the Sixth Circuit for their determination whether petitioner should be permitted to file a second habeas petition. *Id.*

Petitioner has previously been denied habeas relief on all of his convictions. The current petition is a successive habeas petition which requires authorization from the Sixth Circuit.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

**IT IS ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

|  |  |
|---|---|
| **Dated: October 11, 2022** | **s/ Nancy G. Edmunds**<br>**HON. NANCY G. EDMUNDS**<br>UNITED STATES DISTRICT JUDGE |